**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50109
(Summary Calendar)

RANDY BURLESON; CHARLES ALLEN,

                                                        Plaintiffs-Appellants,

versus

ALLAN B. POLUNSKY, Chairman,
Chairman of the Board of Criminal Justice,

                                                        Defendant-Appellee.

Appeal from United States District Court
for the Western District of Texas
USDC No. A-95-CV-256

September 20, 1996
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Randy Burleson (#436189) and Charles Allen (#654268) appeal the dismissal of their civil

rights action as frivolous. Burleson and Allen argue that they have been endangered by a smoking

ban implemented by the defendant because of differences between the rate at which smokers and non-

smokers metabolize certain prescription drugs and that their blood toxicity levels have been

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

inadequately monitored since the implementation of the smoking ban. We have carefully reviewed the record and the briefs and conclude, essentially for reasons expressed by the district court, that the district court did not abuse its discretion in dismissing their claim as frivolous. Burleson and Allen also contend that they have been endangered as a result of the smoking ban because of the effect of the ban upon the mood of the prison population. Because Burleson and Allen have not shown that they will sustain an immediate injury, this claim was properly dismissed as premature. See Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir.), cert. denied, 115 S. Ct. 189 (1994).

Burleson and Allen contend that the district court abused its discretion in refusing to accept certain documents for filing and in refusing to permit them to conduct discovery prior to dismissing their complaint. Burleson and Allen do not explain how the unfiled documents would have cured the deficiencies in their complaint. Under 28 U.S.C. § 1915(d), Burleson and Allen were not entitled to conduct discovery prior to dismissal of the complaint. See Murphy v. Kellar, 950 F.2d 290, 293 n.9 (5th Cir. 1992).

The appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.

Burleson and Allen have filed a "motion to appear" which we construe as a request for oral argument. The motion is DENIED. Fed. R. App. P. 34(a)(1).

We caution Burleson and Allen that any additional frivolous appeals filed by them will invite the imposition of sanctions. To avoid sanctions, Burleson and Allen are further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.

2